**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MIDWEST PENSION PLAN; and<br>CHEMICAL & PRODUCTION WORKERS<br>UNION, LOCAL 30, AFL-CIO<br><br>       Plaintiffs,<br>vs.<br><br>COLOR COMMUNICATIONS, INC., an<br>Illinois Corporation,<br><br>       Defendant. | ) <br> ) <br> )   CASE NO.: 16-CV- 8529 <br> ) <br> )   JUDGE: <br> ) <br> )   MAGISTRATE JUDGE: <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

NOW COME the Plaintiffs, the MIDWEST PENSION PLAN ("FUND") and the CHEMICAL & PRODUCTION WORKERS UNION, LOCAL 30, AFL-CIO ("UNION"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant COLOR COMMUNICATIONS, INC. ("CCI") and allege as follows:

## JURISDICTION AND VENUE

1.  This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 186, 1132(e)(1), 1145 and 28 U.S.C. § 1331.

2.  Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the FUND is administered at 245 Fencl Lane, Hillside, Illinois, 60162, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The FUND receives contributions from numerous employers pursuant to Collective Bargaining Agreements with Plastic Workers Union, Local 18 and Chemical & Production Workers Union, Local 30, locals of the International Union of Allied Novelty and Production Workers, AFL-CIO, and, therefore, is a multiemployer plan under 29 U.S.C. § 1002.

4. The FUND is administered pursuant to the terms and provisions of its Agreement and Declaration of Trust (the "Trust Agreement").

5. The UNION is an unincorporated voluntary association with its principal place of business located at 245 Fencl Lane, Hillside, Illinois, 60162. The UNION is a labor organization as defined under Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185).

6. The UNION is the bargaining representative of Defendant CCI's bargaining-unit employees.

7. Defendant CCI is an Illinois corporation with its principal place of business located in Chicago, Illinois.

## COUNT I
## BREACH OF CONTRACT

8. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. CCI is an employer engaged in an industry affecting commerce and has been signatory to Collective Bargaining Agreements with the UNION (the "CBAs") for the periods of December 16, 2010 through December 15, 2013 (the "2010-2013 CBA") and December 16, 2013 through December 15, 2016 (the "2013-2016 CBA"). (A copy of the 2010-2013

CBA is attached hereto as Exhibit 1; A copy of the 2013-2016 CBA is attached hereto as Exhibit 2.)

10. Through the 2010-2013 CBA, Defendant CCI also became bound by the provisions of the FUND's Trust Agreement.

11. Pursuant to provisions of the 2010-2013 CBA and the Trust Agreement, Defendant CCI was required to make monthly reports of hours worked by covered employees and pay contributions to the FUND at the negotiated rate.

12. Pursuant to the provisions of the CBAs, Defendant CCI is required to make monthly reports of hours worked by covered employees and deduct union dues and initiation fees from its covered employees' wages, which are to be paid to the UNION.

13. The monthly reports, contributions, union dues and initiation fees required be paid as set forth in paragraphs 11 and 12 above during all times relevant were due on or before the 25th day of the calendar month following the calendar month during which the work was performed.

14. Pursuant to Section 502(g)(2) of ERISA, the 2010-2013 CBA and the Trust Agreement, employers who fail to remit their monthly contribution reports and contributions to the FUND on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount of unpaid contributions, plus any reasonable attorney's fees and costs of maintaining suit.

15. Pursuant to the CBAs, employers who fail to remit payment of union dues and initiation fees to the FUND and UNION on a timely basis are responsible for the payment of liquidated damages equal to one and one-half percent (1.5%) of the amount of unpaid union dues and initiation fees for each month that the union dues and initiation fees remain

outstanding.

16. A payroll compliance audit conducted for the period of January 1, 2013 through October 31, 2015 revealed that CCI owes the FUND and UNION unpaid contributions, union dues and initiation fees in the principal amount of $66,237.00.

17. As a result of CCI's untimely submission of contributions, union dues and initiation fees for the period of January 1, 2013 through October 31, 2015, CCI owes liquidated damages in the amount of $23,357.94.

18. Defendant CCI has a continuing obligation to pay union dues and initiation fees on behalf of its covered employees and additional amounts may become due.

19. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Defendant CCI.

20. Plaintiffs have complied with all conditions precedent in bringing this suit.

21. Defendant CCI is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. That Judgment be entered in favor of Plaintiffs and against Defendant CCI in the aggregate amount of $66,237.00 for all unpaid contributions, union dues and initiation fees revealed in the payroll compliance audit;

B. That Judgment be entered in favor of Plaintiffs and against Defendant CCI for all unpaid liquidated damages in the amount of $23,357.94;

C. That Judgment be entered in favor of Plaintiffs and against Defendant CCI for any other contributions, union dues, initiation fees, liquidated damages, or attorney's fees that are

found to be due and owing in addition to the amounts referenced in paragraphs A and B above;

D. That Defendant CCI be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBAs, Trust Agreement and 29 U.S.C. § 1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

        Respectfully submitted,

        **MIDWEST PENSION PLAN *et al.***

By:   /s/ Melinda J. Wetzel – 6314257
        One of Plaintiffs' Attorneys

Melinda J. Wetzel
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60604
(312) 757-5472
wetzel@johnsonkrol.com

August 31, 2016